JOHN E. VANDERVEER, PLAINTIFF IN ERROR, v. JOHN STATESIR, Jr., ADMINISTRATOR OF AARON S. SMOCK, DECEASED, DEFENDANT.

1. An account stated is presumptive evidence only of the balance admitted to be due, and may be corrected for fraud or mistake.
2. On the settlement of accounts, the parties may, by agreement, limit the time within which claim for the correction of mistakes or omis-

sions shall be made; and, in such case, evidence of an omitted demand may be excluded, unless proof be made of claim for its allowance within the time agreed upon by the parties.

In error to the Monmouth Pleas.

Argued at June Term, 1877, before BEASLEY, CHIEF JUSTICE, and Justices DEPUE, VAN SYCKEL and KNAPP.

For the plaintiff in error, *Robbins & Hartshorne.*

For the defendant in error, *John S. Applegate.*

The opinion of the court was delivered by

KNAPP, J. This suit was brought by the defendant in error, as administrator of Smock, against John E. Vanderveer, in Monmouth Common Pleas, to recover the amount of a certain promissory note, dated June 26th, 1875, given by the plaintiff in error, Vanderveer, by which he promised to pay to the defendant, as administrator, or his order, the sum of $602.60, with interest from June 1st, 1875; said note purporting on its face to be due the estate of defendant's decedent, on settlement of notes and book accounts. The defendant below, beside the plea of *non-assumpsit*, set up by way of defence, that the promissory note in suit was the result of an account stated between himself and the plaintiff below as administrator, and that, in the settlement so made, through error and omission, certain claims which he, the defendant, had against the intestate in his lifetime, had not been credited to him, and that through such error and omissions, the balance for which the note was given was found. He also set up an agreement in writing made on the day of the date of said note, between himself and the plaintiff below, reciting the settlement and the giving of the promissory note for the balance found to be due on said settlement, whereby the parties agreed to rectify and allow any errors in said settlement through miscalculation or omission, if claim be made

for the same within two months from date, and thereunder averred that, at the time of the said settlement, the sum of $2000 was due and owing from the decedent to him, and was, by error and mistake, omitted to be claimed in making the said settlement; and that claim was made upon the plaintiff below for the allowance of such sum within the time limited in said agreement. At the trial of the cause, the plaintiff gave the note in evidence, and rested his case. The defendant below called as a witness John T. Haight, who was present and participated in the settlement between the parties. On the defendant below producing a check from John E. Vanderveer to C. C. Bowne for $525, the question was asked whether that check was included in the settlement. This question was objected to by the plaintiff. The defendant then offered to prove that this and other checks and notes then produced, were given to satisfy certain debts and claims against the decedent, and at his request, and had been omitted in the settlement between the parties. Upon further objection of the plaintiff, the court excluded the evidence offered, on the ground that the defendant must first prove a demand upon the plaintiff for allowance of these claims within the time limited in the agreement set up in his plea. Upon this ruling of the court a bill of exceptions was sealed. Defendant then offered in evidence the agreement in writing, and called a witness who spoke of a conversation had in the month of July, 1875, between plaintiff and defendant, at the house of the latter; in which conversation he states that Vanderveer asked Statesir if he had that paper with him. Statesir answered that he had. Vanderveer then said, " I will get my papers." Statesir replied : " I will have to see Mr. Smock first; that he heard Vanderveer speak about the Doctor Conover note; Statesir did not produce any papers; Vanderveer produced a parcel of papers which he held in his hands—small papers." The defendant then re-called Haight, and produced to him a check made by Vanderveer to John R. Conover for $125.75, and after proving the signature, was asked whether that check was included in

the settlement. The court sustained plaintiff's objection to. the question, on the ground that claim within the two months, as required by the agreement, had not been shown. The plaintiff also offered to prove other checks and notes not included in the settlement, amounting in the whole to about $700, which the court overruled, on the ground that no proof had been offered of demand made under the agreement. To these rulings of the court bills of exception were sealed.

When the Bowne check was offered in evidence by the plaintiff, the agreement made between the parties at the time of giving the promissory note in suit, was not in evidence. The offer of the defendant was to show that this check, with other checks and notes, was given to pay and satisfy certain claims against the decedent, at his request, and, by mistake, had been omitted in stating the account between the defendant and the administrator, and that, therefore, the note given was, to the extent of those payments, without consideration. As the case then stood, this proof was entirely competent. The suit was between the original parties to the note, and, if the defendant could show that, in stating the account which resulted in giving the promissory note, claims in his hands against the decedent were, by mistake, left out of that accounting, it was competent for him, under the general issue, to make proof of such mistake, and have it corrected. *Trueman* v. *Hurst*, 1 *T. R.* 40; *Dails* v. *Lloyd*, 12 *Q. B.* 531; *Thomas* v. *Hawkes*, 8 *M. & W.* 140; *Wilson* v. *Wilson*, 14 *C. B.* 616.

The statement of an account is not conclusive, but only presumptive evidence against the party admitting the balance to be against him. *Chit. on Con.* (11*th Am. ed.*) 969. Fraud or mistake may be shown against it.

But this ruling of the court, if erroneous, was harmless to the defendant, in view of the further developements of the case, unless the court erred in its subsequent rejection of the testimony. After the introduction of the agreement by the defendant, the admissibility of proof of claims omitted, depended upon his ability to show that demand had been

made for their allowance, upon the plaintiff, within the two months limited therefor, in said agreement. This proof plaintiff attempted to make; and the main question in this cause is, whether the proof offered by him contained any evidence of such demand. The judge ruled that there was no such evidence. If so, proof of omission of claims in the settlement, became of no moment. The only testimony upon this point was that of the witness Magee, and the testimony given by him is extremely vague. It would be merely guessing, to say that the conversation spoken of by him, between the parties, had any relation to the accounts between Vanderveer and the decedent. He says the note of Doctor Conover was spoken of. Nothing was said, in the conversation by the parties, to indicate that that note had anything to do with the settlement between them, and there is no evidence in the cause to show that it had any connection with the accounts, or that the decedent, Smock, had any responsibility on account of it. No mention whatever was made of the account—no mention made of any error in the settlement— and there is nothing in the testimony to indicate that it related to that more than to any other business that might be transacting between them. Beside, this conversation was had only a few days after the final settlement of an account that had, for some time, been under consideration by the parties. It was settled in the presence of a witness called in to overlook that business. It is quite improbable that, within a few days, the defendant should have discovered omissions more than sufficient in amount to balance the note deliberately made by him, and equally improbable, if such omissions had been made, and demand made to rectify the account, that the defendant would have left himself without a witness, or without the means of making proof of it, when such means could so easily have been obtained. I think there was nothing in the evidence of Magee to prove or raise any fair presumption that the subject matter of the conversation related by him had anything to do with the accounts embraced within the settlement, for the balance of which the promissory note

was given.　I think the judge was right, in the view taken by him, that there was no evidence of demand, and properly excluded the evidence.

There being no error found in the record, the judgment below must be affirmed, with costs.